**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ROBERTO MENDOZA, | No. 21-1062 |
| Petitioner, | Agency No. A208-411-662 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| JOSE ROBERTO MENDOZA, | No. 22-1821 |
| Petitioner, | Agency No. A208-411-662 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 20, 2023[]
Phoenix, Arizona

Before: IKUTA, BADE, and BRESS, Circuit Judges.

Jose Roberto Mendoza, a native and citizen of Peru, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge (IJ) order denying his application for withholding of removal and protection under the Convention Against Torture (CAT). Mendoza also petitions for review of the BIA's subsequent denial of his motion to reopen. We dismiss in part for lack of jurisdiction and deny in part.

1. We lack jurisdiction to review factual challenges to the denial of Mendoza's application for withholding of removal and the denial of his motion to reopen. Under the "criminal alien bar," we lack "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a [covered] criminal offense." *Coria v. Garland*, No. 22-970, 2024 WL 1164863, at *1 (9th Cir. Mar. 19, 2024) (quoting 8 U.S.C. § 1252(a)(2)(C)). To determine whether the criminal alien bar applies, we "first determine whether the denial of relief raised in a petition for review is part of the final order of removal or merges with it." *Id.* at *14 (citing *Nasrallah v. Barr*, 590 U.S. 573, 581–82 (2020)). We

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

22-1821

then ask whether "the petitioner is removable based on a conviction covered by § 1252(a)(2)(C)." *Id.* If so, "then we lack jurisdiction to review factual challenges to the final order of removal and may only review constitutional claims or questions of law under § 1252(a)(2)(D)." *Id.*

We conclude that § 1252(a)(2)(C) bars our review. First, Mendoza challenges orders that "merge into the final order of removal" under § 1252(a)(2)(C). *See Coria*, 2024 WL 1164863 at *6 ("[A] motion to remand, which is analogous to a motion to reopen, merges with the final order of removal for purposes of § 1252(a)(2)(C)."); *id.* at *7 n.3 ("[W]ithholding of removal fall[s] within the final order of removal and [is] subject to § 1252(a)(2)(C)."); *see also Nasrallah*, 590 U.S. at 582.

Second, Mendoza is "removable by reason of having committed a criminal offense covered in section 1182(a)(2)." 8 U.S.C. § 1252(a)(2)(C). Mendoza does not contest that he was convicted of a covered controlled substance offense. Instead, he argues that he is "no longer 'indisputably' removable" because a California state court granted his motion to vacate his drug conviction. But no such argument was presented to the BIA, and Mendoza offers no evidence to support his assertions. Nor does he explain how the alleged vacatur of his conviction would affect his removability.

With the exception of his due process claim, which we address next,

Mendoza's challenges to the denial of withholding of removal and reopening relate to the IJ's adverse credibility determination and are factual in nature. We lack jurisdiction to consider those factual challenges to the final order of removal under 8 U.S.C. § 1252(a)(2)(C). *See Coria*, 2024 WL 1164863 at *2 (holding that the Ninth Circuit's "on the merits" exception to § 1252(a)(2)(C) is no longer good law after *Nasrallah*).

2. We have jurisdiction to review Mendoza's due process claim under 8 U.S.C. § 1252(a)(2)(D) because it involves a pure question of law. To succeed on his due process claim, Mendoza must show that "(1) the proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case, and (2) [he] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (internal quotation marks and citations omitted). We review this question de novo. *Id.* at 620.

Mendoza has not shown that his immigration proceedings were "so fundamentally unfair" that he was prevented from reasonably presenting his case. *Id.* Mendoza alleges that he struggled to understand English, that he had difficulty hearing the proceedings, and that the IJ was biased. But the IJ offered a Spanish interpreter, which Mendoza declined. Moreover, the IJ offered numerous continuances and opportunities for Mendoza to meet with his counsel, and also made

efforts to ensure that Mendoza understood the questioning. Finally, the IJ's comments about the numerous continuances he had granted to Mendoza do not establish bias.

3. The criminal alien bar at 8 U.S.C. § 1252(a)(2)(C) does not preclude our review of Mendoza's factual challenges to the denial of CAT relief, which is not part of the order of removal. *See Nasrallah*, 590 U.S. at 587; *Andrade v. Garland*, 94 F.4th 904, 914 (9th Cir. 2024). We review the denial of CAT relief for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Because the BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), in addition to providing its own review of the evidence and law, we review both the IJ's and BIA's decisions. *Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir. 2020).

To succeed on his CAT claim, Mendoza must show that "he is more likely than not to be tortured" if removed to Peru. *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1156 (9th Cir. 2022). The IJ denied CAT relief after finding that Mendoza was not credible.[1] The record does not compel a contrary conclusion.

---

[1] The BIA concluded that Mendoza waived his CAT claim because he did not meaningfully challenge it before the BIA. In this court, the government does not

Based on material inconsistencies, omissions, and the "evolving" nature of Mendoza's testimony, the agency reasonably determined that the evidence supported an adverse credibility finding. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 750 (9th Cir. 2022) ("[E]ven minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination.") (internal quotation marks and citation omitted). And even if Mendoza could resolve the inconsistencies about his entering the United States, the IJ's adverse credibility finding would still stand because the totality of the record supports that finding. *See Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) ("There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination—our review will always require assessing the totality of the circumstances."). Absent his credible testimony, the remaining evidence in the record does not enable Mendoza to meet his burden under CAT.

**DISMISSED IN PART AND DENIED IN PART.**[2]

---

raise the waiver issue, and instead argues that substantial evidence supports the agency's adverse credibility determination. Because any failure to exhaust before the BIA is not jurisdictional, *see Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023), we resolve the CAT claim on the merits.

[2] The temporary stay of removal remains in place until issuance of the mandate. The motions for a stay of removal are otherwise denied.